**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ALEJANDRO JOSE SOLEDAD RODRIGUEZ,

Petitioner,

v. Case No. 3:26-cv-2269-WWB-SJH

WARDEN, NORTH FLORIDA
DETENTION FACILITY, et al.,

Respondents.

---

# ORDER

THIS CAUSE comes before the Court on a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed by Kemberlis Dayana Torres on behalf of her husband Alejandro Jose Soledad Rodriguez ("**Petitioner**") who is being detained by Immigration and Customs Enforcement ("**ICE**"). (Doc. 1). In the Petition, Torres seeks to file as "next friend" because Petitioner has limited access to resources and his detention hinders his ability to file this action. (*Id.* at 7).

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. The latter part of this statutory provision codifies the common-law tradition of permitting a "next friend" to litigate on behalf of a person who, because of incompetence, is unable to initiate a habeas action himself. *See Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). But "'[n]ext friend' standing is by no means granted automatically . . . ." *Id.* at 163. The would-be next friend must provide an adequate explanation for the necessity

of the designation, such as the real party's mental incompetence or lack of access to the courts. *Id.*

Here, Torres does not demonstrate that "next friend" status is appropriate. There is no indication Petitioner is mentally incompetent or has been denied access to the courts. Because Torres does not demonstrate the propriety of "next friend" status, she lacks standing to initiate this action on Petitioner's behalf. *See Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 622 (11th Cir. 2007) ("Absent 'next friend' status, an individual lacks Article III standing to file a petition on another's behalf, thus stripping the district court of jurisdiction to consider the petition.")[1]; *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) ("[W]hen the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition.").

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.
2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions as moot, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on September 3, 2026.

---

[1] Any unpublished opinions are cited as persuasive authority. *See McNamara v. GEICO*, 30 F.4th 1055, 1060–61 (11th Cir. 2022).

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
c: Alejandro Jose Soledad Rodriguez, A216759446

Kemberlis Dayana Torres
706 Marcia Cir.
Mary Esther, FL 32569